1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11   WILLIAM M. MENTZER,              Case No. CV 16-1687 DMG (SS)

12                 Plaintiff,
                                      **MEMORANDUM AND ORDER**
13        v.
                                      **DISMISSING FIRST AMENDED**
14   J. VAIKUTYTE, et al.,
                                      **COMPLAINT WITH LEAVE TO AMEND**
15                 Defendants.

16

17

18                           **I.**

19                      **INTRODUCTION**

20

21        On March 11, 2016, William M. Mentzer ("Plaintiff"), a

22   California state prisoner at California State Prison, Los Angeles

23   County in Lancaster, California proceeding pro se, filed a civil

24   rights complaint pursuant to 42 U.S.C. § 1983.  (Dkt. No. 1).  On

25   June 1, 2016, the Court dismissed the Complaint with leave to

26   amend.  (Dkt. No. 6).  On June 20, 2016, Plaintiff filed a First

27   Amended Complaint.  ("FAC," Dkt. No. 7).

28

1    Congress mandates that district courts screen civil complaints
2  filed by prisoners seeking redress from a governmental entity or
3  employee.  28 U.S.C. § 1915A(b).  This Court may dismiss such a
4  complaint, or any portions thereof, before service of process if
5  the Court concludes that the complaint (1) is frivolous or
6  malicious, (2) fails to state a claim upon which relief can be
7  granted, or (3) seeks monetary relief from a defendant who is
8  immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2); see also
9  Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en
10 banc).

11

12    For the following reasons, the Court finds that the First
13 Amended Complaint must be dismissed.  However, leave to amend is
14 granted.[1]

15

16                               **II.**

17                  **ALLEGATIONS OF THE COMPLAINT**

18

19    The First Amended Complaint names one Defendant:  Dr. Tawfik
20 Hadaya, M.D., a urologist under contract to provide medical
21 services to the California Department of Corrections and
22 Rehabilitation.  (FAC at 3).  Dr. Hadaya is sued in his individual
23 capacity.  (Id.).
24 \\
25 \\

26

27 [1]  Magistrate judges may dismiss a complaint with leave to amend
   without approval of the district judge.  See McKeever v. Block,
28 932 F.2d 795, 798 (9th Cir. 1991).

                                 2

In or about March 2015, Plaintiff, who has suffered from benign prostatic hyperplasia ("BPH")[2] for many years, began to suffer from an "outlet partial obstruction" due to BPH.  (Id. at 5).  On March 9, 2015, Plaintiff's primary care physician, Dr. Anna Chen, referred Plaintiff to a specialist for a bladder cystoscopy, but she did not order the referral specialist to perform a biopsy.  (See id. at 5).  Plaintiff claims that, after he underwent multiple "excruciating" biopsies in 2007, he vowed never to undergo a biopsy or other "invasive interventions" again, even if doing so meant risking prostate cancer.  (Id. at 5-6).

Plaintiff maintains that Dr. Hadaya performed a biopsy of Plaintiff's prostate urethra in contravention of the referral order and Plaintiff's statements that he would decline consent to a biopsy.  (Id. at 6-7).  Plaintiff claims that Dr. Hadaya knew that his conduct risked "substantial harm" to Plaintiff, but he performed the biopsy anyway.  (Id. at 6).  Plaintiff claims that he is not "repining for any deprivation or denial of access to health care, but is definitely claiming the reprehensible attitude and hubris displayed by Dr. Hadaya in not honoring his patient's wishes."  (Id.).  Plaintiff also argues that Dr. Hadaya's conduct violates numerous professional rules applicable to surgeons.  (Id.).  Plaintiff requests that the Court order a cystoscopy so that Plaintiff can assess the extent of injuries caused by Dr. Hadaya.  (Id. at 7).  The First Amended Complaint does not

---

[2] Benign prostatic hyperplasia is the medical term for an enlarged prostate.  See, e.g., Sims v. Casian, 2014 WL 4755524 at *6 (S.D. Cal. 2014).

explicitly specify the relief sought in this action, although it makes passing reference to "damages" for "additional, unnecessary pain and suffering and increased harm." (Id.).

**III.**

**DISCUSSION**

Under 28 U.S.C. § 1915A(b), the Court must dismiss the complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203 F.3d at 1127-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.    The First Amended Complaint Fails To Comply With Federal Rule of Civil Procedure 8, The Local Rules, And This Court's Instructions**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 8(d)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct." A complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

By Plaintiff's own admission, the First Amended Complaint is incomplete. Under a portion of the form complaint entitled "Supporting Facts," Plaintiff claims that "[o]ther pertinent facts and exhibits have already been lodged with the [C]ourt and there is no need for redundancy." (FAC at 5). This violates both the Court's earlier instruction that the First Amended Complaint be "complete in itself," (Dkt. No. 6 at 15), and Local Civil Rule 15-2, which requires an amended pleading to be "complete" and prevents an amended pleading from referencing a prior, superseded pleading. Although exhibits are unnecessary at this stage of the litigation, (Dkt. No. 6 at 14-15), the Court is unable to comprehensively review the superseded Complaint in search of unspecified "pertinent facts" that Plaintiff may seek to rely upon. Indeed, the Court previously noted that the original Complaint was over one hundred pages long and thus failed to provide fair notice of Plaintiff's claims. (Dkt. No. 6 at 14 (citing Twombly, 550 U.S. at 555)).

Relatedly, requiring Dr. Hadaya to review both the Complaint and First Amended Complaint and attempt to ascertain which "pertinent facts" Plaintiff seeks to rely upon would cause Dr. Hadaya to have unwarranted "difficulty understanding and responding to" the First Amended Complaint. Cafasso, 637 F.3d at 1059. The Court also observes that, as an apparent result of the omission of some "pertinent facts," Plaintiff's instant claims regarding Dr. Hadaya's conduct and the circumstances surrounding it are vague and ambiguous, and have not necessarily corrected the deficiencies of the original Complaint. (See Dkt. No. 6 at 5-9 (Court's summary of Complaint's claims against Dr. Hadaya)).

1

2        In light of the admitted omission of "pertinent facts," the

3  Court will DISMISS the First Amended Complaint and permit Plaintiff

4  an additional opportunity to file a complaint that is complete in

5  itself and includes simple, concise and direct allegations

6  regarding Plaintiff's claims.

7

8  **B.    The First Amended Complaint Fails To State A Claim For Deliberate**

9         **Indifference To Serious Medical Needs**

10

11        To state a § 1983 claim for inadequate medical care that

12  violates the Eighth Amendment's proscription against cruel and

13  unusual punishment, a plaintiff must allege acts or omissions by a

14  prison official that are sufficiently harmful to show deliberate

15  indifference to an inmate's "serious medical needs."  Farmer v.

16  Brennan, 511 U.S. 825, 834 (1994); see also Estelle v. Gamble, 429

17  U.S. 97, 104 (1976).  This standard is met when prison officials

18  "deny, delay, or intentionally interfere with" medical treatment,

19  but "[m]ere negligence in diagnosing or treating a medical

20  condition, without more," is insufficient.  See Lopez, 203 F.3d at

21  1131.

22

23        This standard first requires a plaintiff to establish that he

24  has a serious medical need.  A plaintiff can do so by demonstrating

25  that a failure to treat the plaintiff's condition could result in

26  further significant injury or the unnecessary and wanton infliction

27  of pain.  Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014)

28  (citation omitted).  At this stage of the proceedings, Plaintiff

1  has plausibly alleged that his BPH and resultant partial

2  obstruction constituted such conditions, particularly given that

3  his allegations are construed liberally and in the light most

4  favorable to Plaintiff.

5

6      Plaintiff has not plausibly alleged, however, that Dr. Hadaya

7  acted with deliberate indifference.    A defendant acts with

8  deliberate indifference when he "knows of and disregards an

9  excessive risk to inmate health and safety."  Toguchi v. Chung,

10 391 F.3d 1051, 1057 (9th Cir. 2004); see also Farmer, 511 U.S. at

11 837 (deliberate indifference requires that a defendant "be aware

12 of facts from which the inference could be drawn that a substantial

13 risk of serious harm exists, and he must also draw the inference").

14 Inadequate treatment due to mistake or negligence does not amount

15 to a constitutional violation.  Estelle, 429 U.S. at 105-06 ("[A]

16 complaint that a physician has been negligent in diagnosing or

17 treating a medical condition does not state a valid claim of medical

18 mistreatment under the Eighth Amendment.").

19

20     A difference of opinion between medical professionals

21 concerning the appropriate course of treatment does not amount to

22 deliberate indifference to a serious medical need.  Toguchi, 391

23 F.3d at 1059-60.  Instead, a prisoner "must show that the course

24 of treatment the doctor[] chose was medically unacceptable under

25 the circumstances" and that the doctor "chose this course in

26 conscious disregard of an excessive risk to [the prisoner's]

27 health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

28 Similarly, an inmate's disagreement with his medical treatment or

1    a difference of opinion over the type or course of treatment does

2    not support an Eighth Amendment claim. Toguchi, 391 F.3d at 1058;

3    see also Franklin v. Or. State Welfare Div., 662 F.2d 1337, 1344

4    (9th Cir. 1981) (mere "difference in medical judgment" was

5    insufficient to give rise to a deliberate indifference claim where

6    Plaintiff alleged that prison took twelve x-rays when two would

7    have been sufficient and that the additional x-rays constituted an

8    "undue invasion of personal bones" (spelling and formatting

9    altered)).

10

11       Plaintiff's allegations do not state a deliberate indifference

12   claim.  His contentions about Dr. Hadaya's recklessness and

13   awareness of an unacceptable risk are confusing and largely

14   contradicted by his own filings.  Significantly, Plaintiff

15   acknowledges that he underwent biopsies in the past for ailments

16   associated with his prostate condition, and he also appears to

17   acknowledge that a biopsy or other "invasive interventions" might

18   be medically justified in order to prevent or treat prostate

19   cancer.  (See FAC at 5-6).  Additionally, the initial Complaint

20   and its attached exhibits reveal that Dr. Hadaya strongly

21   recommended a biopsy for the purpose of ruling out prostate cancer.

22   (See Complaint at 86 (Dr. Hadaya's Medical Consultation Report)

23   (stating that Plaintiff had refused consent "despite . . .

24   recommendation of ultrasound-guided biopsy" and that Dr. Hadaya

25   had "stressed" that Plaintiff "should consider" biopsy "in order

26   to find out if he had cancer of the prostate"); cf. Reddy v. Litton

27   Industries, Inc., 912 F.2d 291, 296-97 (9th Cir. 1990) (amended

28   pleading must be consistent with initial pleading)).

1    Plaintiff's filings indicate that, although he alleges that

2  he did not consent to the procedure, a biopsy was a medically

3  reasonable course of action given his condition.   As such,

4  Plaintiff has not plausibly pled that a biopsy was "medically

5  unacceptable under the circumstances" and that Dr. Hadaya "chose

6  this course in conscious disregard of an excessive risk to [the

7  prisoner's] health."   Jackson, 90 F.3d at 332.   Although

8  Plaintiff's strong difference of opinion regarding the risks of a

9  biopsy, manifested in his refusal to consent, might support a

10 medical negligence claim, neither negligence nor a difference of

11 opinion regarding a course of treatment is sufficient to support

12 an Eighth Amendment deliberate indifference claim.   Cf. Toguchi,

13 391 F.3d at 1058-59; Franklin, 662 F.2d at 1344.

14

15    Accordingly, Plaintiff's deliberate indifference claims are

16 DISMISSED.   To ensure that Plaintiff has ample opportunity to

17 present any additional factual allegations more clearly

18 establishing Dr. Hadaya's deliberate indifference, dismissal is

19 with leave to amend.

20

21                              IV.

22                          CONCLUSION

23

24    For the reasons stated above, the First Amended Complaint is

25 dismissed with leave to amend.   If Plaintiff still wishes to pursue

26 this action, he is granted **thirty (30) days** from the date of this

27 Memorandum and Order within which to file a Second Amended

28 Complaint.   In any amended complaint, Plaintiff shall **cure the**

**defects** described above.   **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in prior complaints.**   The Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action.   It shall not refer in any manner to any prior complaint.   Plaintiff shall limit his action only to those Defendants who are properly named in such a complaint, consistent with the authorities discussed above.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**   In any amended complaint, Plaintiff should make clear the nature and grounds for each claim and specifically identify the Defendants he maintains are liable for that claim. Plaintiff shall not assert any claims for which he cannot allege a proper factual basis.

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED:  July 27, 2016

```
                                      /S/
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE
```

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**