# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   CV 16-1687 DMG (SS) | Date: August 22, 2017 |
| | Page 1 of 4 |

Title:    William M. Mentzer v. J. Vaikutyte, et al.

---

DOCKET ENTRY:   **ORDER TO SHOW CAUSE WHY IMPROPERLY SERVED DEFENDANT SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| _Marlene Ramirez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                             None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On March 11, 2016, William M. Mentzer ("Plaintiff"), a California state prisoner at California State Prison, Los Angeles County in Lancaster ("CSP Lancaster"), proceeding pro se but not with in forma pauperis status filed a civil rights complaint ("Complaint," Dkt. No. 1) pursuant to 42 U.S.C. §1983.  On August 15, 2016, Plaintiff filed the operative complaint ("Second Amended Complaint" or "SAC," Dkt. No. 9), bringing a claim against Tawfik Hadaya ("Defendant") in both his official and individual capacity.

On March 30, 2017, the Court granted a thirty-day extension for Plaintiff to serve Defendant with the SAC. (Dkt. No. 18). Plaintiff hired registered process server, Patricia Ladd, to serve the complaint.  (See "Proof of Service," Dkt. No. 20).  The Proof of Service reflects that the process server unsuccessfully attempted to reach Defendant at his place of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 16-1687 DMG (SS)                    Date: August 22, 2017
                                                    Page 2 of 4

Title:      William M. Mentzer v. J. Vaikutyte, et al.

employment. The process server "left documents with [Defendant's] receptionist in the surgical center" on April 21, 2017. (Id.).

As discussed below, it appears that the Second Amended Complaint may be subject to dismissal for failure to effect service of the SAC on Defendant. Pursuant to Federal Rule of Civil Procedure 4(e), service of a summons and complaint in a federal case may be accomplished on a defendant in his individual capacity by "delivering a copy of the summons and of the complaint to the individual personally, or by leaving copies thereof at the individual's dwelling house . . . or by delivering a copy of the summons and of the complaint to an agent authorized . . . to receive service." Fed. R. Civ. P. 4(e)(2); see also Gerritsen v. Consulado General De Mexico, 989 F.2d 340, 344 (9th Cir. 1993) (holding that personal service on defendant is required in a civil rights case). Merely leaving the complaint and summons with a co-worker at defendant's place of business is insufficient to satisfy the Federal Rules of Civil Procedure. Gerritsen, 989 F.2d at 344.

Service of a summons in a federal case can also be accomplished "pursuant to the law of the state." Fed. R. Civ. P. 4(e)(1). If serving the defendant personally cannot be accomplished "with reasonable diligence," then California Civil Code of Procedure authorizes "substitute service" allowing the plaintiff to serve the defendant by leaving the complaint and summons at the defendant's residence or place of business and also mailing another copy of the complaint and summons to the defendant at the place where the service was made. See Cal. Civ. Proc. Code § 415.20.

Here, Plaintiff brought a civil rights claim for monetary damages against Defendant, which can only be pursued against Defendant in his capacity as an individual. Therefore, sufficient service requires personal service on Defendant or substitute service pursuant to state law.

It does not appear that Plaintiff has accomplished personal service on Defendant or substitute service. The process server did not serve the SAC on Defendant personally and

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   CV 16-1687 DMG (SS)                    Date: August 22, 2017
                                                   Page 3 of 4

Title:     William M. Mentzer v. J. Vaikutyte, et al.

did not leave the complaint and summons at Defendant's abode. The process server merely left the SAC with Defendant's receptionist at Defendant's place of business. Plaintiff has not provided any evidence that Defendant authorized his receptionist to accept service on his behalf. Further, Plaintiff has not provided any evidence showing that there was "reasonable diligence" to personally serve Defendant nor that a copy of the SAC was mailed to Defendant at the correct address. Accordingly, it appears that Plaintiff has not properly served Defendant in his individual capacity under either the Federal Rules of Civil Procedure or California Code of Civil Procedure.

Federal Rule of Civil Procedure 4(m) provides in relevant part that if a "defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). On March 30, 2017, the Court granted an extension and ordered that Plaintiff must accomplish service of the Second Amended Complaint within thirty days. Therefore, the deadline to accomplish service in this matter expired on April 29, 2017. As stated above, it appears Plaintiff did not properly serve Defendant prior to the Court's deadline.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE within **ten (10) days** of the date of this Order why his action should not be dismissed for Plaintiff's failure to effect service of the SAC on Defendant. Plaintiff may satisfy this Order by filing a proof of service reflecting that Defendant has been properly served or a declaration explaining under oath why Plaintiff is unable to do so. The Court advises Plaintiff that if it finds that, despite Plaintiff's efforts, Defendant has not been properly served, it is likely that the Court will recommend dismissal of this action.

**Plaintiff is explicitly cautioned that the failure to respond to this Order by the Court's deadline <u>will</u> result in a recommendation that the claim against Defendant be dismissed without prejudice pursuant to Rule 4(m). If Plaintiff no longer wishes to pursue his claim, he may request a voluntary dismissal of this action in its entirety**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    CV 16-1687 DMG (SS)                    Date: August 22, 2017
                                                    Page 4 of 4

Title:    William M. Mentzer v. J. Vaikutyte, et al.

**pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Plaintiff's convenience.**

The Clerk of the Court is directed to serve a copy of this Order on Plaintiff.

IT IS SO ORDERED.

MINUTES FORM
CIVIL-GEN                                                    Initials of Deputy Clerk  mr